## PERRY vs. LUDLOFF.

EXCEPTIONS.

HEARING, MARCH 31, 1891. DECISION, APRIL 8, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

If a question to a witness is objected to as leading, it should be reported in the exceptions exactly in the form in which it was proposed to the witness.

When an error in admitting or refusing testimony is alleged to have been made, judgment will not be reversed if the error could not affect the result.

OPINION OF THE COURT, BY JUDD, C.J.

This is an action of assumpsit for rent of a dairy in Manoa Valley, Honolulu. The plaintiff obtained judgment for $180.00 and costs, etc., in the Police Court of Honolulu. The defendant then appealed to a Justice of this Court sitting in Chambers, and the case was heard *de novo* on the issues of fact involved. Mr. Justice Dole, who heard the case, affirmed the judgment of the Police Court. The plaintiff has no further appeal on the facts. He now excepts to the decision rendered and alleges as error that the Court sustained an objection to a " question to H. Ludloff in the course of his direct examination, asked by defendants' counsel, with reference to statements alleged to have been made by Perry to the defendants, to the effect that plaintiff offered to take the dairy back and allow Albert and Richard (Ludloff) their wages to that date—on the ground of its being a leading question."

It is impossible for us to ascertain from the form of the above exception whether the question was in fact a leading one and objectionable on that ground. The question should have been reported to us in the exact form in which it was proposed to be

put to the witness.  We are left to conjecture as to its nature. If it was desired by defendants' counsel to rebut by this question a denial previously given in evidence by Perry to H. Ludloff, it would not be objectionable to ask the rebutting witness the direct question if such and such statement had been made by Perry.  But if the question had been allowed to be put and it was answered by H. Ludloff, to the effect that Perry had made such a statement, we fail to see that it could have any substantial effect on the result of the case.  It would perhaps tend to discredit Perry's testimony; but an inspection of the evidence sent up discloses that the real issue was whether a promise had been made by defendants to pay $180 for the use of the dairy for the month of December, 1890.  This did not depend upon the testimony of Perry, but was proved to the satisfaction of the Court by other testimony.  Where the error made (if any was made) cannot affect the result of the case, the judgment will not be reversed on this ground and a new trial ordered.

The remaining exceptions are:

2d.   That the existence of a partnership was not proved.

3rd.   That plaintiff failed to prove any agreement on the part of Otto Ludloff to pay said rent.

4th.   That plaintiff failed to prove any contract for the payment of said rent.

5th.   That said judgment was contrary to law and evidence.

A review of the evidence sent up shows that there was sufficient upon which to base the findings of fact made, and this being the case the exceptions are overruled.

*J. M. Davidson,* for plaintiff.

*J. A. Magoon,* for defendant.